You're going to get me a clean copy of this one, aren't you? Eventually? Okay. Gentlemen, good morning. I wonder if those who are going to hire you both stand up and tell us who you are. We're good on behalf of the plaintiff. Good morning, runners. Good morning, counsel. Austin Barcliffe on behalf of the defendant of American Airlines. Gentlemen, you'll each be allowed 15 minutes to address us. You can save out a portion of time for your response and I think you can safely assume that we're familiar with your briefs. I would like to save three minutes or so for response. Before you start, I have a question. In the appellate record, Exhibit A to the plaintiff's complaint contains two items. The first item is a two-page printout of a section from the defendant's website entitled General Baggage Information. The second item is a three-page computer printout. In the reply brief, the plaintiff claims that the second item was not attached to his complaint. For the second item, what is it a printout of? Do you know? I don't know. All right. If you don't know, you don't know. Now, I have a question for you. I understand that you did not ask for a leave to amend to attach the contract as an exhibit to your pleading. If you don't ask, doesn't the dismissal then take effect with prejudice? Even if you would have been entitled to six different amendments to your pleading, if you don't ask for it, it's final, isn't it? Well, first of all, I would say that I – there was no contract that I didn't attach. The defendant, Airlines, has argued that the conditions of carriage were relevant to this. Well, because it defines ticket to include baggage. Okay. But what I did attach was the baggage regulations. Now, the defendant has said that if you look at the website that they have, which is accessed by http://www.com.aa.gov. Well, I get your point, but the point of it is you could have asked for a leave to amend and to take discovery and find the contract. I did request discovery, and discovery was not allowed. I asked for it, and it was stayed and continued, and then I found a moment to compel. But then if you asked for – if your problem was that you did not attach that copy because it was so ubiquitous and difficult to find, you could have asked for a leave to amend and to take discovery to obtain the provisions of the agreement. My response to this is that the airline agreed to provide a service. They didn't provide it. The plaintiff asked for a refund. The passenger asked for a refund. The airline acknowledges that the passenger was entitled to a refund, even though she was declined a refund. No, we're talking about the dismissal of the pleading. We haven't even gotten to the core of what your case is about. But before we can get to it, we have to find whether it's there – whether it's at a juncture procedurally where we can get into it. And if the court dismissed and you didn't ask for a leave to amend, doesn't that end the inquiry? The dismissal was based on a 2619 motion, which presented facts. But then you can mix 615 with 619. And if it has aspects of both, it's not a jurisdictional impediment. The airline – No, I think your answer has got to be that you don't necessarily have to ask for leave to amend if there is a climate within the courtroom that would not make that the dispositive issue in your case. Well, that would absolutely be the case. The issue that the trial judge was considering was, was there a breach of contract, which I don't think was an issue because the airline admitted there was a refund due. And the other issue that the – If the trial court did not buy your picking off defense, then that dismissal would be left intact simply on the basis that the action is moot. Based on that, one can then attempt at least to say that your failure to ask for leave to amend under the Gieselin case is not going to be a dispositive on review since there was a hostile climate. Well, the other issue that the trial judge responded to favorably that the defendant made was that once the passenger was refused a refund, they should have asked someone, some other people from the airline for a refund. There's no law to support that category. No, you're absolutely right about that, but – And so those were the only – The undercurrent in this case is that you filed your lawsuit four days after the issue, the thing happened. Your Honor – Do we read anything into that at all? You certainly should not. First of all, a class action on behalf of consumers who have a right of action should be more than tolerated. It shouldn't be reviewed antagonistically. Well, but if it is simply a recalcitrant employee rather than a blanket policy of the airline, obviously that plays into the – should play into the determination that this is not a well-founded class action, but the question is should that be left to a later determination when your motion for class certification would be filed and decided or should it be considered initially? I happen, at least at this moment, to favor that this was a premature consideration and should have been considered after a motion for class certification was filed, which was never filed. You never filed a motion for class certification. But you are arguing, aren't you? You are arguing that the motion for discovery, in effect, substitutes for a motion for class certification. No. You're not arguing that? No. What are you arguing? I'm arguing Gelb v. Aircon. Gelb v. Aircon says you have a reasonable amount of time to file your motion for class certification. You still haven't filed it. You say – it says you – When was the lawsuit filed? The lawsuit was filed August 15, 2008. Eight. Right. And as of this date, there's no – Well, the issue is – I see the issue is the period under Gelb, the period of time from when a lawsuit is filed to the time that the picking off occurs, that the time there's a tender to the individual plaintiff. Okay. And in the Gelb case, it was 51 days. And the court said that wasn't a reasonable time for the plaintiff to have filed their motion for class certification. In this case – So you're relying on Gelb primarily. Yes. In this case, it was 41 days. Gelb was the 2001 case, wasn't it? It was. Justice Breyman in 2001. Right, 2001. Correct. Okay. Anything since then that's followed Gelb? How about the Akinyemi case? And isn't that a case that did consider the fact that the motion for a class certification wasn't filed later on, even after the motion to dismiss was pending? The timing is entirely different in that case. In this case, the suit was filed August 15th. There was service. They offered the refund on September 4th. You filed your lawsuit what day again? August 15th. August 15th. The incident occurred on August 11th? Right. And then the refund was tendered when? August 4th. September 4th they called me. The airline representative called me and said, do you want the refund? Okay. And I said no. No, of course not. Okay. You'd already filed your lawsuit. Right. And – What if they had tendered on August 5th? I mean on the 5th day. You filed your lawsuit on the 4th day. What if they had tendered the refund on the 5th day after? Would that change the facts any? No. The most – Here's what I think is the most important issue. Okay. Yeah, tell us. The most important issue is the appearance of the defendant was filed October 6th. That's when they filed an appearance and answer. They had already done the picking on. And they – How could they do that if they didn't know – I mean you're assuming that they knew about the class action even before they filed their appearance. They were served on – Yeah, but nobody read it. They sent it over to the lawyers. No, they didn't. No, they didn't? No, because the person who called me and made – I know. I would have sent it to the lawyers right away. The person who called me and made the tender was an airline representative. I don't believe she was a lawyer. Was she even aware of your lawsuit? Yeah. How do you know she was aware? She said she had to complain. I would respectfully – It's in the affidavits. I, from my own experience, think that if they were not aware of the legal implications, they would not have offered attorney's fees and costs. They didn't offer attorney's fees. Those were directions. That seems to be following a prescription written up in a lawyer's office. They never – oh, it probably is. But they never offered attorney's fees. And they didn't file – They offered to pay costs and fees. So the question is, was I duty-bound to file a motion for class certification before there was even an appearance filed by the defendant? Wouldn't that have been the prudent thing to do based on your reading of the cases? That is what Gelb says you have to do. I know, but Gelb had been followed by the – in the preceding – in the next seven years by some cases that arguably go the other way. We're going to hear about them from you. They're not in point. And Gelb clearly says that the only way to avoid picking off, unless you get a reasonable time to file your motion for certification, is to file your motion for class action when you file your complaint. And you're not duty-bound to do that.  Gelb is a very good case. You're duty-bound to do it before there's an appearance even filed by the defendant. And so I don't think this case is moot, and I think it should be allowed to proceed as a class action case. Thank you. We'll give you an opportunity to respond after we've heard from – your name again? Austin Barton. Mr. Barton. Good morning. Good morning, Your Honor. Let me ask you a question right off the bat. In reviewing this record here, I didn't find any orders granting the defendant an extension of time to answer or otherwise plead. Did you have such an order? There was an agreement entered into with plaintiff's counsel regarding an extension to plead in this manner. Anybody tell the court about it? I cannot recall if that was memorialized in a court order at this point. You said you had a gentleman's agreement among yourselves to ignore the deadlines that might have been set by the court? My recollection, there was an extension that was given by plaintiff's counsel. I don't recall at this time whether that was memorialized in a court order. Plaintiff's counsel or the court never – It's nowhere in the record. In addition, the defendant attached its conditions of carriage as an exhibit to the affidavit of one of its employees. And in its reply brief on page 2 at the trial level in support of its motion to dismiss, the defendant stated that the contract that governed the plaintiff's air transportation was her ticket and the American Airlines conditions of carriage. You claim that the contract consists of plaintiff's ticket and the conditions of carriage, correct? That is correct, Your Honor. Okay. And although it contains sections concerning both baggage and refunds, it says nothing specifically about refunds of baggage fees after a cancellation flight, correct? That is correct. The checked baggage fee refund is not specifically addressed in the conditions of carriage. All right. So the conditions state that in the event the refund is required because of American's failure to operate on schedule or refusal to transport, the refund will be made directly to you if the ticket is totally unused, the full amount paid, with no service charge or refund penalty, correct? That provision from the conditions of carriage addresses the passenger ticket refund, not the checked baggage fee. Okay. So you're saying that they're separate. That is correct. And the American, although, and this is stated in the brief, but just to clarify, Justice Gordon, the policy, although it's not in the contract of carriage, American does have a policy to issue a refund, and that's on page 78 of the record. And the refund for checked baggage... Are these conditions of carriage tariffs or were they privately formulated provisions? And my follow-up question to that will be whether the duties, the reciprocal or correlative duties between passenger and airline are preempted by government, by agency tariffs, or whether there's room for private negotiation. And if you answer that, I'll tell you in a minute why I want to know that. It's a complex question. I think there's a lot of history. Because Justice Gordon never asks anything other than... Then let me tell you why I'm asking that question. Because if there's no preemption, then there's room for common law operation as between the parties. And the rights of the parties would then be determined by the oral agreement in purchasing the ticket and the natural right to claim restitution for failure of consideration, which would not necessitate the publication of the conditions of carriage unless the conditions of carriage contravene that right. If I could speak to both of those points. My understanding of the current state of the law is an international carriage tariffs... The Warsaw Convention? Right. There's the Warsaw Convention, which is now the Montreal Convention. Tariffs are still filed with, I believe, it's the Department of Transportation. In the domestic context, airlines generally refer to them as contracts of carriage or conditions of carriage. And they are written contracts. That are binding on the parties, and numerous courts across the nation have found that. We cited one case in our brief, the Ray case, Ray v. American Airlines, Inc. It's a 2009 case, I think, from the Eastern District of Louisiana. But there it says, again, the written contract is the contract of carriage is the governing instrument. But is it preemptive of all of the rights? Or is it only operational or preemptive to the extent that it contradicts what the common law duties and benefits would ensue? Because if it preempts, then we have to ask, and go back and reinvent the wheel that the Ray case deals with as to whether you can do that unilaterally. But if it doesn't simply preempt the field but controls where it applies, then you have a situation here where it's in agreement with the common law. So would it really be necessary to attach your agreement as an exhibit to the pleadings under the Civil Practice Act as a requirement that when there's reliance on a written contract it be attached? I think there's three answers to that. One is, yes, the rules of civil procedure, the local rules of civil procedure, would certainly not be preempted by any... No, I'm not talking about the rules of civil procedure. I mean whether the common law contractual correlative rights of the passenger and the airline would be totally preempted so that they would have no rights except those rights that are established in the agreement and, of course, the Constitution. Well, the United States Supreme Court in Wolins and other cases has made it clear that the Airline Deregulation Act would not preempt privately ordered obligations. The background to that, though, is the privately ordered obligations are the contract of carriage. And courts have said that if parties are seeking to add terms to that agreement to enhance the party's bargain, those are open to preemption under the Airline Deregulation Act. And we cited one, I believe a Seventh Circuit case, travel all over the world in our brief that articulates that and I think also United States versus Mesa that also speaks to that issue. In addition, paragraph 20 of the contract of carriage, which is, I believe, page 43 of the record, expressly provides that an employee of an airline does not have authority to alter, amend, or modify the terms of this contract. So that, and we cited the case Air Freight, Emory Air Freight, pardon me, that specifically provides that such a provision nullifies any oral representations or amendments to an agreement. What's your rationale for arguing as you appear to argue, although it's not quite clear from your brief, that you're under no legal obligation to refund baggage fees? I think, well... Is that your position? I want to... That you do it as a matter of policy because we're going to give you your money back. Aren't we nice guys? But we're not legally required to do so. Where did you come up with that cockamamie idea? Or is it a cockamamie idea? Well, Justice Gale, you ask a very good point, but the brief addresses the cause of action we were presented with, which was the breach of contract. But I'm talking about your policy. You say Americans' conditions of carriage don't require you to refund checked baggage fees or set any time frame for processing refunds. Well, it is Americans' position that customers are entitled to a refund of a checked baggage fee. Now, you say that later on, but... In this plan everybody's entitled to it. They are entitled to a refund. They are entitled to a refund. Even though you're legally obligated to provide it. It is Americans' policy. I don't quite understand that that really is consistent. Well, what I mean to express is that it is not a contractual obligation, but it is Americans' policy. You can take my money, provide no services, and keep it. Well, no, I think that if... Do I need a written contract if I give you $40 and you say, give me $40 and I will do this? I give you $40 and you don't do it. There could be  to conversion claims, for instance. Potential? I don't think there's a conversion if you've received this money lawfully, but you certainly would have  of restitution unless there would be a tariff or an overt contractual provision that would deprive you of that in any kind of reason. And a contract that would do that would be in serious jeopardy of being considered a contract of adhesion. Very sticky adhesion. What we've relayed here is plaintiff has not pointed to anything based to support his breach of contract claim that sets a time that he thinks is reasonable. Courts do that all the time where no time provision is set in. Courts can infer a reasonable time. And it seems to me when you're getting a refund of your passenger ticket that would define the reasonable time that you should be allowed to grant recovery for the baggage ticket as well. I mean at least that's a scenario that is quite likely if the trial court would be for the trial court to do that but that's probably a very rational determination of what the reasonable time is. In this case I can't imagine and this is your brief again American's conditions of carriage don't require American to refund checked baggage fees or set any time frame for processing them. Second sentence American's conditions of carriage was available to  on the date of the flight and would have been available to Barbara if she had asked to review a copy. I can't imagine that that particular flight            of the flight and would have been available to Barbara if she had asked to review a copy of the flight and would have    Barbara if she   to review a copy  flight and would the flight and would  been available to           have been available to Barbara if she had  to review a copy